UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL MONTGOMERY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-54 |
| | ) |
| SMS GROUP, INC. f/k/a PRO-ECO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Petition to Intervene [DE 5] filed by the intervenor, Property & Casualty Insurance Company of the Hartford, on February 4, 2019. For the following reasons, the motion is **DENIED**.

*Background*

This matter arose from injuries that the plaintiff, Michael Montgomery, Jr., sustained on March 7, 2017. Montgomery alleges that he suffered serious and permanent injuries during the course and scope of his employment at Chicago Steel Holdings, LLC. Intervenor, Property & Casualty Insurance Company of the Hartford, insured and provided workers' compensation coverage to Chicago Steel, Montgomery's employer. As a result of his injuries, Montgomery filed a claim for workers' compensation benefits. The Hartford has indicated that it has paid benefits to and on behalf of Montgomery.

The Hartford asserts that it holds a lien against any recoveries made by Montgomery against the defendants. Therefore, it has requested that the court permit it to intervene in the instant matter to protect its right to recover the workers' compensation benefits paid to and/or on behalf of Montgomery. Montgomery has filed a response in opposition contending that the

Hartford has neither a right nor a basis to intervene, and that I.C. § 22-3-2-13 precludes intervention under the circumstances of this matter. The Hartford filed a reply on February 8, 2019.

*Discussion*

**Indiana Code § 22–3–2–13** provides that:

> [i]f the injured employee or the employee's dependents shall agree to receive compensation from the employer or the employer's compensation insurance carrier or to accept from the employer or the employer's compensation insurance carrier, by loan or otherwise, any payment on account of the compensation, or institute proceedings to recover the same, the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party;

> [t]he employer may, within ninety (90) days after receipt of notice of suit from the employee or the employee's dependents, join in the action upon the employee's motion so that all orders of court after hearing and judgment shall be made for the employee's protection;

> [n]o release or settlement of claim for damages by reason of injury or death, and no satisfaction of judgment in the proceedings, shall be valid without the written consent of both employer or the employer's compensation insurance carrier and employee or the employee's dependents, except in the case of the employer or the employer's compensation insurance carrier, *consent shall not be required* where the employer or the employer's compensation insurance carrier has been fully indemnified or protected by court order.

**Federal Rule of Civil Procedure 24** provides for intervention both as of right and permissively. On a timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. **Federal Rule of Civil Procedure 24(a).** Permissive intervention is allowed so long as the motion is timely, and the petitioner "has

2

a claim or defense that shares with the main action a common question of law or fact." **Federal Rule of Civil Procedure 24(b).**

The Hartford represents that it has paid a total of $336,788.25 to date, to and on behalf of Montgomery as compensation for the injuries he allegedly suffered. Thus, it seeks to intervene to monitor this litigation and protect its interests in seeking reimbursement for its lien if Montgomery should recover from the defendants through settlement or verdict.

Indiana Code § 22–3–2–13 does not permit the Hartford to intervene in this action. The instant motion has not requested leave to intervene pursuant to Rule 24. However, the court will address whether the Hartford is entitled to intervene in this case pursuant to Rule 24. The Hartford has not asserted a right upon a federal statute. Therefore, under Rule 24(a)(2), a proposed intervenor must satisfy four requirements to obtain intervention of right: (1) a timely application for leave to intervene; (2) a claim of interest relating to the property or transaction that is the subject of the action; (3) a danger that disposition of the action may as a practical matter diminish the applicant's ability to protect that interest; and (4) existing parties to a case will not adequately represent the applicant's interest. *Sokaogon Chippewa Cmty. v. Babbitt,* 214 F.3d 941, 945–46 (7th Cir. 2000). An applicant must meet all four requirements before intervention as of right is allowed. See *Reid L. v. Illinois State Bd. of Educ.,* 289 F.3d 1009, 1017 (7th Cir. 2002). The burden is on the party seeking to intervene of right to show that all four criteria are met. *Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir. 1985).

The Hartford filed its petition to intervene within three weeks after Montgomery filed his complaint, and therefore it was timely. However, the Hartford has not indicated that the outcome of the instant matter will affect its ability to enforce its lien. Additionally, the Hartford has not indicated that its interest will not be adequately protected by the parties. "Where a prospective

intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate. . . In such circumstances, the proposed intervenor 'must demonstrate, at the very least, that some conflict exists.'" **Shea v. Angulo,** 19 F.3d 343, 347 (7th Cir. 1994). Montgomery has acknowledged that should he prevail in settlement or verdict, he is required to seek consent from the Hartford or procure an order of court protecting the Hartford's lien. Therefore, the court has no reason to presume and the Hartford has not suggested that its interest is not adequately protected. The court, in its discretion and for the same reasons, also declines to allow permissive intervention. See **Ebersohl v. Bechtel Corp.,** 2010 WL 2266736, at *3 (S.D. Ill. 2010) (denying a workers' compensation carrier's request for permissive intervention when carrier did not contend that any of the parties to this action have impeded in any way its efforts to keep informed of the status of this litigation, and the court has no reason to suppose that the carrier is not being kept apprised of such matters).

Based on the foregoing reasons, the Petition to Intervene [DE 5] is **DENIED.**

ENTERED this 4th day of April, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge